FRANK J. ALBERT ET AL., PROSECUTORS-APPELLANTS, v. MAURICE H. CALDWELL, DIRECTOR OF PUBLIC SAFETY OF ORANGE, ET AL., RESPONDENTS.

Submitted May 31, 1941—Decided September 19, 1941.

For the appellants, *William A. Lord.*

For the respondents, *Edmond J. Dwyer (Joseph F. Zeller,* of counsel).

The opinion of the court was delivered by

PARKER, J. The writ of *certiorari* was directed to the appointment by respondent Caldwell, Director of Public Safety of the City of Orange, of one Miller as a patrolman on the police force, said Miller not being a "chanceman" nor having served as such, as required by the local ordinance as a condition of eligibility to appointment as patrolman. The Supreme Court dismissed the writ on the authority of the similar case of *DeStefano* v. *Civil Service Commission,* decided at the same time and reported in 126 *N. J. L.* 121,

apparently holding in that case that while chancemen if otherwise eligible are entitled to preference in appointment, the prosecutors were barred by laches. In that case the Civil Service Commission announced an examination to be held on April 28th, 1938, which was protested by DeStefano and others as not confined to chancemen. The examination was held, but not until September 15th, 1939, was defendant Rizzo (not a chanceman) appointed. DeStefano and his associates, however, did not move until May 17th, 1940, over eight months later, on which day *certiorari* was allowed. The Supreme Court held that the inclusion of non-chancemen in the examination was irregular, and as we understand the opinion, that the appointment of a non-chanceman was also irregular, but dismissed the writ, as has been said, on the ground of laches. With that action we have no fault to find, as the delay of eight months after the irregular appointment affords ample justification for it. But we do not think that the period of laches began to run until the appointment was actually made: for as we view the matter, no legal wrong was done to the chancemen by examining others with them or indeed until the ordinance was violated by the actual appointment of an outside candidate not a chanceman, where there were chanceman eligibles who had passed the examination.

Applying these principles to the present case, the facts are that the appointment of Miller was made on June 10th, 1940, and the writ of *certiorari* was allowed on June 22d, 1940, a regular motion day of the justice presiding in the Essex Circuit, after notice and argument. Obviously there was no laches, if, as we have just said, the legal injury arose from the appointment, for quite conceivably the appointing authority might have appointed a chanceman who had passed the examination.

These considerations lead to a reversal of the judgment under review, to the end that the appointment of Miller be set aside, with costs as against the City of Orange.

BROGAN, CHIEF JUSTICE. (Dissenting.) We part company with the majority on the question of laches, convinced that the matter of laches should be considered in relation to

the date when the examination for patrolmen was advertised as open to the citizens of Orange generally, and not confined to those who held the position of chancemen. Notices were published on September 30th, and October 7th, 1938, that tests for the office of patrolman would be held on October 17th, 1938, and April 28th, 1939. If, as the majority opinion concedes, vacancies in the competitive class shall be filled as far as possible by promotion from a lower grade: that chancemen hold positions in a lower grade and, as we conclude, are entitled to preference in appointment as patrolmen if found competent by examination (*De Stefano* v. *Civil Service Commission,* 126 *N. J. L.* 121), then such chancemen are entitled to be examined as a separate class. No one not a chanceman should be permitted to take that examination. The statute (*R. S.* 11 :22-34) would seem so to ordain. Otherwise the "preference" which chancemen admittedly have and their right to be called to fill vacancies by "promotions," *i. e.,* promotion examinations, are meaningless. This then necessarily leads to the conclusion that the rights of the chancemen of the City of Orange were invaded when eligibility to take examination with them was extended to those not having the status of chancemen. If this be so, then the prosecutors were in laches—as the Supreme Court found. We therefore—Judge WolfsKeil and I—vote to affirm for the reasons stated by Mr. Justice Heher in the Supreme Court, 126 *N. J. L.* 125.

It is a salutary thing to have order and regularity in the matter of municipal appointments. The instant case is an excellent example of the confusion that results where, while conceding that chancemen are entitled to preference and to enter a higher office by promotion, nonetheless others not so entitled are admitted to the same examination.

The judgment, in our opinion, should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, WOLFSKEIL, JJ. 2.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.